## In re HENSING'S ESTATE.

### No. 14,943; December 8, 1892.

#### 31 Pac. 578.

**Trustee—Accounting.—In a Probate Proceeding It Appeared** that by a decree of distribution made under a will Z. received, in trust for the grandchildren of testatrix, money to be paid when the eldest attained her majority. On the same date as the will the same testatrix conveyed to Z. a lot of land in trust for A., F., and O., grandchildren of testatrix, to be conveyed when the eldest became of age. There were living at date of will and conveyance five grandchildren—M., A., F., G., and A., but no O., as mentioned in the conveyance. After M., the eldest, attained her majority, Z. conveyed the lot held by him in trust to the four grandchildren mentioned in the deed of trust, including O., who never existed, and on the same day deposited in a bank in his own name, as trustee for the five grandchildren, a part of the money held by him in trust, as M., the eldest, desired Z. to retain her share, and the other children had no guardian. Subsequently Z. filed his account, charging himself six per cent interest on the trust fund down to the time of deposit, and seven per cent on the amount retained by him after the deposit, and credited himself out of the whole fund with taxes paid, street assessments, and costs of conveyancing on the lot owned by only three of the grandchildren, and also credited himself with the amount in bank. Held, that Z. should be charged with the amount received by the decree of distribution, with interest at seven per cent until the deposit in the bank, after which time with the interest earned in the bank, and with the amount deposited in the bank. The amount paid by him for taxes, street assessments, and conveyancing should be credited him, and taken out of the shares, distributed to the three grandchildren who own the lot, and in whose interest these sums were expended.

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

Proceeding by Manuel Eyre, guardian ad litem, against Herman Zwieg, trustee, in the settlement of the estate of Augusta Hensing, deceased. From a decree in favor of plaintiff, defendant appeals. Reversed.

A. H. Loughborough for appellant; Manuel Eyre for appellee.

FOOTE, C.—Under the terms of a will made by Augusta Hensing, dated August 14, 1876, a decree of distribution was made by the probate court of San Francisco, December 19, 1879, distributing the sum of $806.19 to Herman Zwieg, in trust to invest the same, and pay the income of the same to Anna Louise Hinden, the daughter of the testatrix, during the lifetime of one Valentine Hinden, the husband of Anna Louise Hinden, and upon the death of the husband to pay the principal of that sum to Anna Louise Hinden; but, in the event that she did not survive her husband, the money bequeathed in trust should be invested by the trustee, Zwieg, for the use and benefit of the surviving children of Anna Louise Hinden by her said husband, Valentine, and that the income, or so much thereof as should be necessary, should be expended for the support and education of the children until the oldest should attain the age of majority, and that then the money bequeathed, or so much thereof as should remain, should be equally divided between the children or such of them as might survive. At the same date as the will, the same testatrix conveyed a lot of ground to Zwieg, in trust for Margaret, Alfred, Minna, and Otto Hinden, grandchildren of the grantor in the deed, and upon trust to convey the same to them on the 25th of September, 1889, that being the day after the day when Margaret, the oldest of these grandchildren, should attain the age of majority. Anna Louise Hinden died in January, 1881, leaving her husband Valentine Hinden, surviving, and five children, called Margaret, Alfred, Minna, Camille, and Alice, all of whom were born prior to the execution of the deed in trust and the making of the will. There never was any child named Otto Hinden, and therefore the deed in trust of the lot was for the benefit of the three children mentioned in it, viz., Margaret, Minna, and Alfred, leaving out Camille and Alice, as is claimed, by some mistake. The will mentioned none of the children by name, nor did the decree of distribution, so that under that decree the five children born before the making of the will, viz., Margaret, Alfred, Camille, Alice, and Minna, took equally of the fund distributed. Under the deed, however, only three of them had an interest in the lot, viz., Margaret, Alfred, and Minna. Zwieg, the trustee, the fund being small, and he acting in good faith, used the money himself, and paid the interest, at six per cent per annum, to

Mrs. Hinden as long as she lived, and afterward expended a small part of the interest on the expenses of the children. He also paid taxes on the lot conveyed to him for the benefit of three of the children amounting to $49.70, and a street assessment amounting to $208.28, certain costs of conveyance, etc., amounting to $10, or thereabouts. Upon the 5th of October, 1889, he deposited a portion of the money—$1,100— in a savings bank of good repute, in his name, as trustee for all the five children, and on that day he executed a deed to the children, including Otto, who never existed (the conveyancer following the terms of the deed from the original grantor in the deed of trust). Thus the deed made vested the title to the lot in Margaret, Alfred, and Minna, leaving out Alice and Camille, of the five children interested in the fund included in the decree of distribution. According to the terms of both trusts, the trustee was required to pay over the money to the five children, and execute the conveyance to the three children, on the 25th of September, 1889. But it is claimed that Margaret, who was then of age, asked that he retain her share of the money, and the other children had no guardian. Zwieg was cited on the 15th of April, 1891, under section 1699 of the Code of Civil Procedure (Stats. 1889, p. 337), by a petition of the minors, by Manuel Eyre, guardian ad litem, to appear and render an account. He filed his account, and charged himself interest on the fund in hand at seven per cent per annum, semi-annually, and claimed no commissions or counsel fees. He claimed credit, as against the whole fund, for the taxes, assessments, and conveyancing fees, etc., in respect to the lot, which was, however, owned by only three of the children, and also for the amount in bank. The court sustained the objection to the disbursements for taxes, assessments, and costs of conveyance, etc., and gave no credit for the amount deposited in bank, and charged the appellant here, Zwieg, with the original sum of $806.19, with interest at the rate of seven per cent per annum, compounding semi-annually, to the date of the order in this cause, made August 14, 1891, we suppose because in his account the trustee had charged himself with interest at that rate, as being perhaps profit realized by him out of the money.

As we view the matter, the court, in allowing this account, should have charged Zwieg with the money received under the decree, with interest at seven per cent per annum, with semi-annual rests, under the rule he had prescribed for himself, up to the date when the $1,100 was put in a savings bank; for after that he was responsible for interest on that sum up to August 14, 1891, only to the amount earned from the bank, but he also remained responsible for the $1,100. Of course, the sums paid Mrs. Hinden in her lifetime, and for the children's expenses, should be deducted, as they were. But we do not think the trustee should be disallowed entirely the moneys he paid out for taxes, assessments and conveyances respecting the lot of the three children. One-third of these sums should be deducted from each of their shares of the money to be distributed to them, and not be a charge upon the portions of the other two children, not named in the deed to the lot. Therefore, the trustee should receive credit for those sums as against the shares of the three children who own the lot, as he paid these sums out to protect their interests. For these reasons the decree made in the premises should be reversed, and the court below directed to enter a decree in accordance with the views here expressed, and we so advise.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the decree is reversed, and the court below is directed to enter a decree in accordance with the views herein expressed.